UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 4:08-cr-0006-DFH-MGN-1 |
| | ) | |
| WILLIAM TRAVIS BROWN, | ) | |
| | ) | |
| Defendant. | ) | |

ENTRY ON MOTIONS *IN LIMINE*

Defendant William Travis Brown has been charged in an amended
indictment with one count of transporting child pornography in violation of
18 U.S.C. § 2252(a)(1) and one count of possessing child pornography in violation
of 18 U.S.C. § 2252(a)(4)(B).  The transportation charge refers to conduct on
October 25, 2006.  The possession charge refers to possession of 38 computer files
on March 20, 2007, when a search warrant was executed at Brown's home.

The government has served notices of its intent to offer at trial certain
evidence of other uncharged conduct pursuant to Rule 404(b) of the Federal Rules
of Evidence.  Dkt. Nos. 36 and 37.  Defendant Brown has moved *in limine* to
exclude some of the government's evidence.  Dkt. No. 39.  The government has
also moved *in limine* for a ruling on the admissibility of the trade inscription on the

computer hard drive stating its foreign origin.  The court heard argument on July 8, 2009 and now states its rulings.

I.      *The Applicable Rules of Evidence*

The following Federal Rules of Evidence govern the defendant's motion *in limine*.  Rule 403 provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Rule 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

Rule 404(b) prohibits admission of other bad acts to prove the defendant has a propensity to act as he is charged with acting, but as long as the charged crime requires the government to prove that the defendant acted knowingly, intentionally, or willfully, Rule 404(b) evidence is at least relevant to prove the defendant's mental state.  *United States v. Kuipers*, 49 F.3d 1254, 1258 (7th Cir. 1995).  The child pornography charges against defendant Brown require proof

beyond a reasonable doubt that he acted knowingly, so Rule 404(b) evidence is relevant here to prove knowledge.  See *United States v. Sebolt*, 460 F.3d 910, 915-918 (7th Cir. 2006) (holding that district court properly permitted evidence of other acts in child pornography case under Rule 404(b) to prove motive and identity); *United States v. Angle*, 234 F.3d 326, 343 (7th Cir. 2000) (holding that district court did not abuse discretion by allowing evidence of other acts in child pornography case to show knowledge and lack of mistake, despite defendant's objection that knowledge and lack of mistake were not disputed).

Relevance on an appropriate issue is only the first of four hurdles for admission under Rule 404(b).  To admit evidence of other acts under Rule 404(b), the court must determine that:

> (1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged, (2) the evidence shows that the other act is similar enough and close enough in time to be relevant to the matter in issue, (3) the evidence is sufficient to support a jury finding that the defendant committed the similar act, and (4) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice.

*Kuipers*, 49 F.3d at 1258, quoting *United States v. Maholias*, 985 F.2d 869, 879 (7th Cir. 1993).

Rule 414(a) provides:

In a criminal case in which the defendant is accused of an offense of child molestation, evidence of the defendant's commission of another offense or

offenses of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant.

Rule 414(a) effectively disposes of the Rule 404(b) prohibition on propensity evidence in some criminal cases.  Rule 414(d) defines "offense of child molestation" to include any child pornography offense under chapter 110 of Title 18 of the United States Code, including the charges against Brown in this case.  Rule 414(a) does not affect the application of Rule 403, which continues to require the court to consider whether the probative value of relevant evidence is substantially outweighed by other considerations, including the danger of unfair prejudice.

II.     *The Disputed Evidence*

To prove the charges against Brown, the government intends to offer evidence showing that the computer at Brown's home was used on October 25, 2006 to transport to another computer a particular computer file that qualifies as child pornography.   The government also intends to offer evidence that the computer contained 38 specific computer files on March 20, 2007.  Defendant Brown has filed a notice of alibi defense suggesting that a neighbor with access to his home could have been responsible for the computer activity.  The alibi defense puts the issue of identity squarely in dispute.  Because the government is required to prove that the defendant acted knowingly or intentionally, other Rule 404(b) grounds for admissibility, including motive, intent, knowledge, and absence of mistake are also available to support other acts evidence.

The transportation charge here is based on communications between the computer at defendant's home and one believed to be in Louisiana. The communication used an extinct computer program called Google Hello. The sender used the screen name "woogie34," who the government contends was Brown. The receiver used the screen name "cassie99999." The government also intends to offer evidence that on the same day, "woogie34" sent several of the images specified in the later possession count to another person using the name "Lifesonsrv." The defense does not object to the evidence of these communications with cassie99999 and Lifesonsrv, which are Government Exhibits 1 and 2 to its response to the motion *in limine*. The government also intends to offer in its case in chief evidence of eight other records of computer communications taken from the computer at defendant's home. Those eight are targets of defendant's motion *in limine*.

A.    *Government Exhibit 3*

Government Exhibit 3 is a record of Yahoo Messenger computer chats between "plater0013" and "mastr_joe." The communications were taken from defendant's computer and extend from September 15, 2005 to June 20, 2006, ending several months before the charged transportation. The government wants to use Exhibit 3 to show that the defendant used the name plater0013. That link would help support the admission of Exhibit 12, discussed below. The communications from plater0013 include some descriptions of the sender. The

messages include his height, weight, and age and state that he lives in a town in southern Indiana about 25 miles from Louisville, Kentucky, that his name is Travis, and that he has a bald head and hairy chest.

The communications between plater0013 and mastr_joe also include discussions about the possibility of sexual activity between humans and dogs, as well as other sexual activity among adult humans.  The government proposes to offer a redacted version of Exhibit 3 that excludes all references to such matters. The court has examined the government's proposed redaction, which should be sufficient to avoid any risk of unfair prejudice to defendant Brown.  The redactions leave very little material, but what is left appears to be relevant to help the government's plan to prove the identity of plater0013.  As discussed below, that evidence helps lay a foundation for other evidence that appears to be probative. Defendant's motion *in limine* is denied with respect to the redacted version of Exhibit 3.   (The court addresses below in Part III the possibility that the government might offer an unredacted version of Exhibit 3 as impeachment or rebuttal evidence.)

B.    *Government Exhibits 4, 5, 6, and 7*

The government's examination of the computer at defendant's home showed that it included Sysreset software that allowed file-sharing using Internet Relay Chat (IRC).  The only user account associated with this software was the "Travis" user account, with the user name "woogie."  Travis is Brown's middle name.  The government expects to offer evidence that he uses that name rather than his first name William.

Government Exhibits 4, 5, 6, and 7 are "Sysreset" logs of computer messages between a person using the defendant's computer and the screen name "woogie" and four other individuals using the screen names respectively of "Isabel_N," "Elle," "antichristfr," and "wanking."  The government seeks to offer these chat logs to prove that defendant Brown used the "woogie34" screen name used in Exhibits 1 and 2.  The government also argues that these chat logs show that woogie34 knew of the child pornography computer files hidden on the defendant's computer, was sexually interested in young girls, and was engaged in trading child pornography files.  The government argues that these exhibits are not actually Rule 404(b) evidence but are simply part of the substantive evidence of the charged offense of possession of child pornography.

Government Exhibit 4, the chat log with Isabel_N, includes 85 pages of printed messages from September 6, 2006 to October 28, 2006, the weeks leading

up to and days just after the charged transportation to cassie99999.   The messages to Isabel_N include some personal descriptions of the sender that correspond to defendant Brown: lives in southern Indiana, has three sons, works as an electroplater, works the night shift, has a pierced tongue.   Because of defendant's alibi defense, which is based on his work schedule and a neighbor's access to his home, the dates and times of communications to Isabel_N may become relevant in proving identity.   There are references in the messages to the name "woogie," which tends to link the sender to the charged messages using woogie34 as the name.

The government proposes to redact Exhibit 4 to remove some references to smoking marijuana (page 5), discussions of the participants' marriages (pages 7 and 45), Isabel_N's email address (page 16), discussions of exchanging "R-rated" pictures and other flirtation (pages 29-30, 34-35, 36-38,43-45, 50-57, 68-72).   Some additional passages should be redacted on pages 50-51, and 71.   They are unduly prejudicial and are cumulative as to any point that would be probative.

The government wants to leave in references to "woogie" sending "R-rated" pictures to Isabel_N and keeping the picture files hidden from his wife (pages 32-33).   As long as the government can establish the link between "woogie" and the defendant, these points have probative value in showing both the use of the computer to exchange photographs and the ability to use passwords and other mechanisms to keep some of the files hidden, as the charged images of child

pornography were hidden.  The court agrees that a redacted version of Exhibit 4 is admissible as part of the evidence of the charged possession itself.

Exhibit 4 is also admissible under Rule 404(b) to show identity and knowledge.  The evidence is similar enough and close enough in time to be relevant to identity and knowledge.  As long as the government can tie these Sysreset messages to woogie34 and this defendant, the evidence is sufficient to support a jury finding that defendant Brown engaged in this similar conduct at a time quite close to the charged offense.  In view of the government's burden of proving knowledge and identity beyond a reasonable doubt in this case, the redacted version of Exhibit 4 will have probative value that is not substantially outweighed by any danger of unfair prejudice to Brown.  Defendant's motion *in limine* is denied with respect to the redacted version of Exhibit 4.

Government Exhibit 5 is a Sysreset chat log with "Elle" on September 3, 2006, less than two months before the charged transportation.  Exhibit 5 consists of one page in which the sender describes himself as the 36 year old father of three boys.  The sender wrote "unfortunately all boys," and explained "I like young girls."  Elle responded: "ah.. i understand.. you would like you have a dau to f*** at home.. :)."  The sender responded with an emoticon for smiling and winking, and then said yes.

The government proposes to offer Exhibit 5 without redaction to help show identity and to show motive – the sender's desire to have sex with young girls, including a hypothetical daughter.   The evidence tends to support the government's case and is tied directly to the issues of identity, knowledge, and motive.  See *Sebolt*, 460 F.3d at 918  (online chats related to "recent attempts, missed opportunities, and potential future opportunities to molest children" was properly admitted as evidence of motive for child pornography charges).  The probative value of this exhibit will not be substantially outweighed by a danger of unfair prejudice to the defendant.  Any prejudice would not be unfair but would be the result of the exhibit's probative value on the issues the jury will need to decide.  With a proper foundation, Government Exhibit 5 will be admissible, and defendant's objection under Rule 403 is overruled.

Although Exhibit 5 satisfies Rule 404(b) requirements, this exhibit actually does not seem to be subject to that Rule.  It is not so much evidence of bad acts as a statement by the sender about his state of mind.  It is contemporaneous and relevant.  The exhibit may prejudice the defense, but not unfairly.  Defendant's motion *in limine* is denied with respect to Exhibit 5.

Government Exhibit 6 is also a one-page Sysreset chat log with a person using the name "antichristfr," also dated September 3, 2006, a few minutes after the chat with Elle.  The chat log does not include identifying details that correspond to defendant Brown, but it was found on his computer.   The

government intends to offer expert evidence based on examination of his computer linking it to him. The chat log appears to reflect an exchange of photographs of young girls, referring to "action pics." The government argues that this evidence should be admissible under Rule 414(a) as propensity evidence.

Child pornography crimes charged under § 2252 appear in Chapter 110 of Title 18 of the United States Code and thus fall within the definition of "offense of child molestation" covered by Rule 414(a). See Fed. R. Evid. 414(d). Rule 414(a) essentially allows propensity evidence that Rule 404(b) might otherwise bar, but Rule 414(a) does not suspend the effect of Rule 403. Government Exhibit 6 appears to the court to have little probative value. The persons in the chat log are interested in pictures of young girls, but without additional evidence of the content of the specific files exchanged, the court and jury could only guess as to whether the photographs would amount to child pornography under the law. With so little probative value, the potential for both unfair prejudice and waste of time outweighs the probative value, especially in view of the government's other evidence on the relevant points. Defendant's motion *in limine* is granted with respect to Exhibit 6. If the government can provide additional detail about which files were exchanged with antichristfr, the court may reconsider this ruling at trial.

Government Exhibit 7 is a two-page Sysreset chat log with a person using the screen name "wanking" at several times on the same afternoon of

September 3, 2006.  Like Government Exhibit 6, the chat log refers to exchanging photographs of young girls.  "Woogie" asked "wanking" what types of pictures he wants in terms of nude or not, ages, and "action" or "posed."  "Woogie" wrote that he had more than 2000 pictures that are "mostly action."  The government relies on Rule 414(a) to offer Exhibit 7, though again, Rule 403 balancing is applicable.

These additional details, going beyond those in Exhibit 6, including the reference to more than 2000 pictures and the questions as to the recipient's preferences, indicate that this chat log in Exhibit 7 has greater probative value than Exhibit 6.  There is certainly some ambiguity in the exhibit taken in isolation.  Not all nude pictures of children amount to child pornography, of course.  But as part of a larger mosaic of evidence tying this chat log to the defendant and to other materials found on his computer, the probative value of this evidence is sufficient to support its admission if it is otherwise properly authenticated and linked to the defendant.  As long as the government links "woogie" to the defendant, this evidence will be probative of the defendant's state of mind and of his possession of child pornography.  The exhibit is likely to prejudice the defense, but it will not do so unfairly.  Defendant's motion *in limine* is denied with respect to Exhibit 7.

C.    *Government Exhibit 10*

Government Exhibit 10 consists of 56 pages of Yahoo Messenger chat logs between a person using the name "zong1us" and a person using the name "bbw_southern_girl."   The logs cover chats from September 16, 2006 to October 28, 2006, the weeks leading up to and days just after the charged transportation offense. The logs were recovered from defendant's computer.  The government intends to offer evidence showing that the email name "zong1us" is linked to Google Hello user woogie34, the screen name used in the charged transportation offense.  See Gov't Exs. 8, 9.  The government then seeks to use Government Exhibit 10 as additional evidence that woogie34 and zong1us are both the defendant.  Zong1us referred to his wife as "Nessa."  The defendant's wife's name is Vanessa.  Zong1us also gave the defendant's home telephone number as his own and referred to a son who has the same name as one of Brown's sons. Zong1us is also addressed by bbw_southern_girl as "Travis."

Exhibit 10 reflects an extramarital affair between two adults.  That content would obviously be prejudicial to defendant, but the government proposes to redact the explicit sexual content and much of the sexual innuendo.  The evidence of identity linking defendant Brown to zong1us, which is linked further to woogie34 (the name used in the charged transportation offense) seems to be both relevant and fairly probative.  The redacted version of Government Exhibit 10 should allow the government to present relevant and probative evidence and should protect defendant from unfair prejudice.

Based on the approach to redaction, however, the court finds that additional passages need to be redacted on pages 6, 7, 12, 16, 33-34, 38, and 51.  Not all references to "Nessa" and "Travis" need to stay in the version presented to the jury.  There are plenty of those references in more innocuous passages that will stay in the exhibit.  With this additional redaction, defendant's motion *in limine* is denied with respect to Exhibit 10.

### D.   *Government Exhibit 11*

Government Exhibit 11 is a six-page Yahoo Messenger chat log between zong1us and "crzybunny69" with messages from November 27, 2006 through November 30, 2006, about a month after the charged transportation and several months before the charged possession.  The messages quite explicitly reflect exchanges of child pornography files.  Without the actual photos exchanged, the court cannot be 100 percent certain that the photos were illegal pornography.  The vivid descriptions of the photos bridge this gap, however, and are part of the larger mosaic of evidence that will be presented by the government to overcome defendant Brown's alibi defense and to prove knowledge.

The government contends that Exhibit 11 is admissible under Rule 404(b) because it provides evidence of motive (sexual interest in young girls), knowledge, and opportunity.  In the chat log, zong1us was asked where he had gotten the pictures he was sending to crzybunny69.  He answered "mirc," apparently a

reference to the software for the files in which the charged files were found on defendant's computer.   The government also contends that Exhibit 11 is admissible under Rule 414(a) to show the defendant's propensity to trade child pornography.

Adding to the content, zong1us asserted in the chat log that he had had sex with at least one young relative.  On November 27, 2006, he apparently sent a photo of a relative to crzybunny69 and said he had additional "pics of other young girls," "some getting f***ed."  On November 30, 2007, crzybunny69 asked zong1us to send more "pics" of "younger girls."  Zong1us asked if crzybunny69 would prefer "pose or f***ing," and crzybunny69 responded, "both."  Zong1us complied.

Government Exhibit 11 is powerful evidence.  It is admissible in its entirety under Rule 414(a).  It shows exchanges of child pornography and sexual interest in young girls.  In the messages, zong1us admits to and describes molesting a young relative.   These admissions and descriptions are intertwined with the evidence showing the exchanges of child pornography.  This evidence helps show propensity (permissible under Rule 414(a)), as well as knowledge, motive, and opportunity.

The exchanges of child pornography also satisfy the requirements of Rule 404(b).  The exchanges are relevant to show knowledge, motive, and opportunity. The acts are very similar to the charged acts of transporting and possessing child

pornography, and occurred one month after the charged transportation and four months before the charged possession.  The evidence is sufficiently specific and reliable to allow a finding that the defendant committed the acts.

The admissions of molestation give more pause under Rule 404(b).  In *Sebolt*, the Seventh Circuit explained that use of evidence of prior molestation to prove a motive in a child pornography case requires evidence that the event was close enough in time to the charged offense to be relevant to motive.  460 F.3d at 917, quoting *United States v. Lloyd*, 71 F.3d 1256, 1264 (7th Cir. 1995).  There is no information here about when the molestation occurred.  The problem is that the statements about the molestation here are intertwined with the properly admissible evidence of exchanges of child pornography.  Those portions of the chat log could not be sensibly redacted to avoid references to the molestation.

The court declines to reach a firm conclusion on this question under Rule 404(b) because Rule 414(a) clearly authorizes admission of Exhibit 11.  Even so, the court must also consider the issue of unfair prejudice under Rule 403.  Admission of Exhibit 11 will prejudice the defense, but the prejudice would not be unfair.  The government is entitled to use the exhibit's evidence of exchanging child pornography to show motive, knowledge, and opportunity, as well as the propensity allowed by Rule 414(a).  The evidence of exchanges of child pornography by computer relates to conduct very similar to and very close in time to the charged conduct, and it appears to be reliable.  This evidence does not

appear any more likely to inflame the jury's emotions than the evidence of the charged conduct.  And it was "zong1us" who intertwined the report of molestation with the evidence of other exchanges of child pornography.  The Seventh Circuit explained in *Sebolt* that "the conceptual gap between molestation and child pornography is not so wide as to 'induce the jury to decide the case on an improper basis . . . rather than on the evidence presented.'"  *Id.* at 918, quoting *United States v. Thomas*, 321 F.3d 627, 630 (7th Cir. 2003).  Defendant's motion *in limine* is denied with respect to Exhibit 11.

E.    *Government Exhibit 12*

Government Exhibit 12 is 35 pages of Yahoo Messenger chat logs from August 2005 to July 2006 between plater0013[1] and "brittanymom2000."  The government argues that Exhibit 12 is admissible under Rule 414(a) and under Rule 404(b) to show motive and identity.

The chat log reflects an on-line affair and refers to at least some physical sexual encounters between the two.  The sexual details between two adults are not material to this case, and the government proposes extensive redactions of that content.  On the issue of identity, in the chat log brittanymom2000 addressed

---

[1]As explained above, the government relies on Exhibit 3, the chat logs between plater0013 and "mastr_joe," to help show that defendant used the screen name plater0013.

plater0013 numerous times as "Travis," the middle name that defendant is known to use.[2]

On the issue of motive, at pages 23 and 24 plater0013 told brittanymom2000 that he would like to make her pregnant and have a daughter with her.  When she asked why he would want a daughter, he disclosed what he described as his "deep dark fantasy":  "because I want to f*** a young girl," i.e., the child.  Plater0013 then wondered if brittanymom2000 would help him with this fantasy.  Brittanymom2000 suggested that he have sex with her 13 year old daughter, with brittanymom2000 watching.  The discussion continued with plans for the encounter.

At pages 16-17, plater0013 told brittanymom2000 that he once was having sex with a woman, realized that her 12 year old daughter was watching them, and found that exciting.  Plater0013 and brittanymom2000 then discussed having a young girl watch the two of them having sex.

The government does not want to redact the passages about plater0013 wanting to have sex with young girls, including the discussion of the prospect of

---

[2]Based on the court's review of Exhibit 12, some additional redacting will be necessary.  Not every reference to "Travis" needs to be included in the final version of the exhibit to use it effectively for purposes of identification.  For example, sexually explicit passages that refer to Travis on pages 11 and 12 should be redacted, and counsel shall redact other similar passages before trial.

having sex with the daughter of brittanymom2000, or the passage about having young girls watch him having sex with an adult.

These portions of the chat log reflecting plater0013's interest in having sex with young girls or having them watch him are highly relevant to this prosecution. This evidence provides probative evidence of a motive for collecting and trading child pornography.  The evidence will be prejudicial to defendant, but the court cannot say that the prejudice would be unfair.  "There is a difference between evidence that brings unfair prejudice and evidence that is damning." *United States v. Burt*, 495 F.3d 733, 740 (7th Cir. 2007) (affirming conviction on child pornography charges where chat log was admitted showing defendant and another person trading sexually explicit photographs of children and making overtly sexual comments).  Defendant is charged with trading and collecting child pornography. This evidence is probative of his state of mind and motive by showing his sexual interest in young girls.  Defendant's motion *in limine* is denied with respect to the redacted version of Exhibit 12.

III.    *Evidence of Bestiality*

The government also gave notice that it may seek to introduce as impeachment or rebuttal evidence additional evidence that the defendant collected and traded visual images of human sexual activity with dogs and discussed the subject in some detail in some on-line chats.  Much of this evidence comes from

CDs the government recovered during the search of defendant's home.  The CDs also include some photographs of the defendant and his wife.  The government also has identified some video files saved in a hidden folder in the password-protected "Travis" user profile on the computer in defendant's home.  Finally, the unredacted version of Exhibit 3 (the Yahoo Messenger chat log with "mastr_joe") also includes extensive discussion of sexual activity with dogs.

The government may seek to offer this evidence in impeachment or in rebuttal to show identity.  Government Exhibits 1 and 2, to which the defense has not objected, include a few "thumbnail" images of bestiality along with a number of child pornography images.  Government Exhibit 2 includes some discussion of sexual activity with dogs.  The government argues that the defendant's interest in bestiality is an identifying characteristic that connects him to Exhibits 1 and 2.

The bestiality evidence beyond Exhibits 1 and 2 would be admissible, if at all, only under Rule 404(b) on the issue of identity.  As a means of showing identity, evidence of this interest in bestiality cannot really be compared to evidence of height, weight, number of children, names of relatives, telephone number, or baldness to help identify the defendant.  The content is too likely to inflame the jury.  The risk of unfair prejudice to the defendant is simply too great.

The government suggested at the hearing that the evidence of the images of child pornography at issue here will be so offensive that evidence of the

bestiality interest would have little marginal effect.  The court disagrees.  The court expects that the evidence of child pornography will include some extremely offensive images involving violence and bondage and sexual acts with very young children and even infants.  So be it.  Those are part of the evidence of the charged offenses.  The jury and the court will have to examine that evidence at trial, and the court will do what it can during jury selection to select jurors who can face such images and stay calm and fair.  But as a means for proving identity, the bestiality evidence would go too far.  It is not necessary as part of the charged offenses, and the government has a great deal of additional evidence of identity.

The government also makes the point that Exhibits 1 and 2, which the jury will see, include some thumbnail images of bestiality, and Exhibit 2 contains a brief discussion of bestiality.  How much worse would the additional evidence be?  The court does not expect that any of those aspects of Exhibits 1 and 2 will be highlighted by government witnesses or attorneys.   The images of child pornography will be strong stuff for the jury to handle, and there will be no need to highlight the bestiality content of the small and blurry thumbnail images.  The government's proposed use of bestiality evidence in impeachment or rebuttal would be very different.  It would highlight that content in Exhibits 1 and 2, as well as all of the other evidence, to argue that this interest in bestiality is an identifying characteristic of the defendant.   The jury's encounter with that evidence would be qualitatively different from the incidental or unmentioned content in Exhibits 1 and 2 as part of the government's case-in-chief.

There is of course a possibility that the defendant could open the door to such evidence at trial, but the dangers of doing so would seem to be high enough that the court will not dwell on the possibility at this stage.  Defendant's motion *in limine* is granted with respect to challenged evidence of bestiality.

IV.     *Government Motion in Limine*

The government has moved *in limine* to admit a trade inscription on a computer hard drive stating "Product of Malaysia."  Dkt. No. 38.  To prove that the defendant committed the charged offense of possessing child pornography, the government must prove that the visual depictions the defendant allegedly possessed had been transported in interstate or foreign commerce or had been produced using materials transported in interstate or foreign commerce.  18 U.S.C. § 2252(a)(4)(B).  This element may be satisfied with evidence demonstrating that the hard drive containing the visual depictions was manufactured outside of the state.  See, *e.g.*, *United States v. Angle*, 234 F.3d 326, 340-41 (7th Cir. 2000).  The government could prove this element by calling a witness from the manufacturer to testify about its origin, but the government proposes a faster and less expensive route:  reliance on the "Product of Malaysia" inscription.

There are two steps to the analysis:  authenticity and hearsay.  The authenticity step is easy.  Rule 902(7) provides that such trade inscriptions are

self-authenticating.  The hearsay question is more involved.  The inscription might

be considered at first to be an out-of-court "statement" about the origin of the

product that would fall within the scope of hearsay as defined in Rule 801.  The

government points out that in *United States v. Snow*, 517 F.2d 441, 443-44 (9th

Cir. 1975), the Ninth Circuit adopted the concept of a "mechanical trace"

described by Professor Wigmore in his treatise on evidence, 1 Wigmore on

Evidence §§ 148-57 (1940).  (A newer edition contains this material in IA Wigmore

on Evidence, §§ 149-157 (1983).)  In *Snow* the court held that the district court

had properly allowed admission of a briefcase in which an unregistered firearm

was found.  The case had a red tape on it with the lettering of a business name

and the defendant's name.  The Ninth Circuit held that the district court had

properly overruled a hearsay objection to the contents of the tape on the case

because the tape was merely circumstantial evidence of ownership and did not

amount to a testimonial statement of ownership.  The Ninth Circuit later applied

this reasoning to a trade inscription on a firearm, stating that it was made in

Spain, in *United States v. Alvarez*, 972 F.2d 1000, 1004 (9th Cir. 1992).[3]  This

reasoning appears to this court to be sound.  The inscription is simply part of the

physical evidence in the case, and it would make little sense to suggest that it

should be "redacted" in some way.  The inscription of origin is required by law and

should be highly reliable.  (If there were an issue about the reliability of such an

_____

[3]*Alvarez* was overruled on other grounds in *Kawashima v. Mukasey*,
530 F.3d 1111, 1116 (9th Cir. 2008), which was in turn overruled by *Nijhawan v.
Holder*, 129 S. Ct. 2294 (2009).

inscription of origin in a specific case, of course, additional evidence on the point could be offered.)

Defendant Brown has declined to stipulate to the interstate commerce element of the charges, but he has not objected to the government's motion.  The court interprets that response as a waiver of authenticity or hearsay objections to admission of the inscription of origin on the hard drive.  The government's motion *in limine* on the admissibility of the trade inscription showing the origin of the hard drive is granted.

*Conclusion*

The defendant's motions *in limine* is denied with respect to Exhibits 3 (as redacted), 4 (as redacted), 5, 7, 10 (with additional redactions), 11, and 12 (with additional redactions).  The defendant's motion is granted with respect to Exhibit 6 and any bestiality evidence beyond Exhibits 1 and 2.  The government's motion *in limine* to admit the trade inscription of the defendant's computer's hard drive is granted.

So ordered.

Date: July 13, 2009

_____
DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Copies to:

Steven D. DeBrota
UNITED STATES ATTORNEY'S OFFICE
steve.debrota@usdoj.gov

James Adrian Earhart
attyearhart@aol.com

Bonnie Lynne Kane
U.S. DEPT. OF JUSTICE
bonnie.kane@usdoj.gov